UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


RICHARD WILLIAM POWERS,

    Petitioner,

v.                                                                      3:07-cr-152
                                                                            3:11-cv-081


UNITED STATES OF AMERICA,

    Respondent.


## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Richard William Powers ("Powers"). The Clerk is **DIRECTED** to serve a copy of the motion and this Memorandum and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED** as time-barred.

Powers pleaded guilty to theft over $1,000.00, fraudulent use of stolen credit and debit cards, and interstate transportation of a stolen motor vehicle. By judgment entered August 7, 2008, he was sentenced to a total effective sentence of 16 months. He did not appeal his convictions or sentence.

Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence. The limitation period generally runs from the date on which the judgment of conviction becomes final. Powers' § 2255 motion was filed over 18 months after the expiration of the statute of limitation. Powers acknowledges that his § 2255 motion was not timely filed, but claims he is entitled to relief because, until June 7, 2010, he believed his federal sentence was running with his state sentence and that he had finished his federal sentence.

On June 7, 2010, this court entered an order denying Powers' motion for relief from a federal detainer. The court noted that it had been informed by the probation officer that the federal detainer was correct because Powers had not yet begun to serve his federal sentence due to charges in South Carolina and Florida. Powers now claims that he was led to believe his federal sentence would begin on the date he was taken into federal custody; that the court failed to inform him that his federal sentence would not begin until after he had served his state sentences; and that he would not have pleaded guilty had he known his federal sentence would not begin until after service of his state sentences.

The Sixth Circuit has found that the one year limitation period is subject to equitable tolling because it is a statute of limitation, not a jurisdictional bar. *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001). When determining whether equitable tolling is appropriate, the court must consider the following:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's

2

> reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* at 1008. However, "[t]hese factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)

Powers has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). To obtain such relief, he must show "that he has been pursuing his rights diligently" and that "extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations omitted). In addition, "[t]he doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

Under the circumstances, the court finds that Powers has failed to demonstrate that he is entitled to equitable tolling of the statute of limitation. *See Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 96 (1990) (the principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect"). Accordingly, the § 2255 must be denied as time-barred.

It plainly appears from the face of the motion and the prior proceedings in the case that Powers is not entitled to relief in this court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** as untimely and this action **DISMISSED**.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Powers leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Powers having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan  
United States District Judge